152 A.3d 886

## IN THE MATTER OF YANA SHTINDLER, AN ATTORNEY AT LAW (ATTORNEY NO. 014322000)

JANUARY 12, 2017

## CORRECTED ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 16–029, concluding that as a matter of reciprocal discipline pursuant to *Rule* 1:20–14(a), **YANA SHTINDLER** of **NEWARK**, who was admitted to the bar of this State in 2001, and who has been administratively ineligible to practice in New Jersey since September 30, 2013, should be suspended from the practice of law for a period of one year based on discipline imposed in New York for unethical conduct that in New Jersey violates *RPC* 1.15(a) (failure to safeguard funds), *RPC* 1.15(d) (recordkeeping violations) *RPC* 5.3(a) (failing to properly supervise a non-lawyer assistant), *RPC* 8.1(a) (knowingly making false statements of material fact in connection with a disciplinary matter), *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), *RPC* 8.4(d) (conduct prejudicial to the administration of justice), and *Rule* 1:21–6(c)(1)(A) (only admitted attorneys are authorized trust account signatories);

And good cause appearing;

It is ORDERED that **YANA SHTINDLER** is suspended from the practice of law for a period of one year, effective September 30, 2013, and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.